```
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
EQUAL EMPLOYMENT OPPORTUNITY            :
COMMISSION,                             :
                                        :
                 Plaintiff,             :
                                        :
       v.                               :
                                        :            COMPLAINT AND
                                        :            JURY TRIAL DEMAND
PORPIGLIA FARMS, INC.,                  :
                                        :
                 Defendant.             :
------------------------------------------------------------x
```

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment discrimination on the basis of race, Black, and/or national origin, Jamaican, and to make whole Rowan Morgan, Mitchell Murry, Evron Clarke and other similarly situated workers (hereinafter "the claimants"), who were adversely affected by such unlawful practices. Plaintiff Equal Employment Opportunity Commission (hereinafter "EEOC" or "the Commission") alleges that Defendant, Porpiglia Farms, Inc., harassed the claimants on the basis of their race, Black, and/or their national origin, Jamaican. Defendant also charged the claimants rent in a discriminatory manner. These allegations will be described in greater detail in paragraph seven below.

## JURISDICTION AND VENUE

1.      Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343, and 1345. This action is authorized and instituted pursuant to Sections 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e-5(f)(1)("Title VII") and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The unlawful employment practices alleged below were committed within the jurisdiction of the United States District Court for the Northern District of New York.

## PARTIES

3. EEOC is an agency of the United States of America charged with the administration, interpretation, and enforcement of Title VII, and is expressly authorized to bring this action by Section 706(f)(1), 42 U.S.C. §2000e-5(f)(1).

4. At all relevant times, Defendant has continuously been a corporation under the laws of New York, doing business in New York, and has continuously had at least fifteen employees.

5. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce within the meaning of Section 701(b), (g), and (h) of Title VII, 42 U.S.C. §2000e-(b),(g), and (h).

## STATEMENT OF CLAIMS

6. More than thirty days prior to the institution of this lawsuit, Rowan Morgan, Mitchell Murray, and Evron Clarke, former employees of Defendant, filed charges of discrimination with the Commission alleging violations of Title VII by Defendant. All conditions precedent to the institution of this lawsuit have been fulfilled.

7. Defendant engaged in unlawful employment practices by discriminating against the claimants as to their terms, conditions and privileges of employment in violation of Section 703 of Title VII, 42 U.S.C. § 2000e-2, as detailed below:

    a. Beginning in August 2003 and continuing until March 2004, the claimants had $35.00 deducted each week from their wages for rent. Other non-Black non-Jamaican employees, although provided with housing, were not charged rent during this period.

    b. Beginning in August 2003 and continuing throughout their employment, the

claimants were subjected to harassment based on their race, Black, and/or national origin, Jamaican. The harassment includes, but is not limited to, the packing shed supervisor frequently calling the claimants "Jamaican pigs", "boys", "cocksuckers" and "niggers". Other employees, who were not Black or Jamaican, were not subjected to this harassment.

8.  The effect of the practices complained of above in paragraph seven has been to deprive the claimants of equal employment opportunities, and otherwise adversely affect their status as employees because of their race, and/or national origin.

9.  The unlawful employment practices complained of above in paragraph seven were intentional.

10. The unlawful employment practices complained of above in paragraph seven were done with malice and/or reckless indifference to the federally protected rights of the claimants.

### PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A.  Grant a permanent injunction enjoining Defendant, its officers, successors, assigns and all persons in active concert or participation with them, from engaging in any practices which have the effect of discriminating against employees on the basis of race or national origin.

B.  Order Defendant to institute and carry out policies, practices and programs which provide equal employment opportunities for all employees regardless of race and national origin, and which eradicate the effects of its past and present unlawful employment practices.

C.  Order Defendant to make whole all those individuals affected by the unlawful employment practices described above in paragraph seven, by providing appropriate lost earnings from discriminatory deduction of rent, with prejudgment interest, in amounts to be

proved at trial, and other affirmative relief necessary to eradicate the effects of Defendant's unlawful employment practices, including but not limited to rightful-place reinstatement of those affected individuals.

      D.      Order Defendant to make whole all those individuals affected by the unlawful discriminatory practices described above in paragraph seven, by providing compensation for their past and future pecuniary losses in amounts to be determined at trial, including but not limited to job search expenses, job training expenses, medical expenses, and loss of benefits in amounts to be determined at trial.

      E.      Order Defendant to make whole all those individuals affected by the unlawful discriminatory practices described above in paragraph seven, by providing compensation for their non-pecuniary losses, including emotional distress, pain and suffering, inconvenience, loss of enjoyment of life, fear, and humiliation, in amounts to be determined at trial.

      F.      Order Defendant to pay punitive damages for its malicious and/or reckless conduct, described in paragraph seven above, in amounts to be determined at trial.

      G.      Grant such further relief as the Court deems necessary and proper.

      H.      Award the Commission its costs in this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its Complaint.

Dated: September 19, 2006
      New York, New York

                Respectfully submitted,

                Ronald S. Cooper
                General Counsel

                James L. Lee
                Deputy General Counsel

                Gwendolyn Y. Reams
                Associate General Counsel

                EQUAL EMPLOYMENT OPPORTUNITY
                COMMISSION
                1801 "L" Street, N.W.
                Washington D.C. 20507

                _____
                Elizabeth Grossman
                Regional Attorney

                _____
                Lisa D. Sirkin
                Supervisory Trial Attorney

                _____
                Louis Graziano   BAR CODE 509438
                Sr. Trial Attorney
                New York District Office
                33 Whitehall St., 5th floor
                New York, N.Y. 10004-2112
                (212) 336-3698
                (212) 336-3623 (facsimile)